UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| -v- | ) | No. 1:26-cr-93 |
| KEVIN CALDWELL, Defendant. | ) | Honorable Paul L. Maloney |

**ORDER DENYING DEFENDANT'S MOTIONS FOR SELF REPRESENTATION**

The court appointed counsel to represent Defendant Kevin Caldwell. Counsel filed a motion for a competency exam, which the Magistrate Judge granted. ECF Nos. 18 and 20. Defendant, without the assistance of counsel, then filed two documents. First, Defendant submitted a letter in which he asserts that he wants to exercise his right to self representation. ECF No. 22. The letter has been docketed as a motion. Second, Defendant filed a motion to disqualify counsel for violations of the rules of professional conduct. ECF No. 23. Defendant argues that members of the Public Defenders Office have unlawfully conspired against him by requesting a non-consensual competency exam. The court will deny both motions without prejudice.

The competency standard for waiving the right to counsel uses the same competency standard for standing trial. *Godinez v. Moran*, 509 U.S. 389, 400-01 (1993); *United States v. Colbert*, 55 F. App'x 225, 229 (6th Cir. 2002). Necessarily then, if a defendant is found not competent to stand for trial, the defendant is also not competent to waive the right to counsel. *Godinez*, 509 U.S. at 400; *United States v. Ziegler*, 1 F.4th 219, 226 (4th Cir. 2021)

("To waive counsel, a defendant must also be mentally competent."). Here the Magistrate Judge found a sufficient basis for ordering a competency exam. When a defendant's "competency is reasonably in question," court cannot allow that defendant "to waive [his] Sixth Amendment right to counsel" and "proceed *pro se* until the issue of competency has been resolved." *United States v. Klat*, 156 F.3d 1258, 1263 (D.C. Cir. 1998); *see United States v. Boigegrian*, 155 F.3d 1181, 1186 (2d Cir. 1998) ("Therefore, it was impossible for the district court to allow the defendant to waive counsel before determining whether he was competent to stand trial. Before resolving the first question, the court had to resolve the second."); *see, e.g., United States v. Kowalczyk*, 805 F.3d 847, 857 (9th Cir. 2015) ("Thus, we hold that, as a person whose competence to stand trial was in question, Kowalzcyk could not ask legally to waive his right to counsel; thus he was entitled to be represented by an attorney at his competency hearing.").

Because Defendant's competency has been placed in dispute, the court must deny his requests to waive his right to counsel and represent himself. The court must first resolve the question of Defendant's competency. Should Defendant ultimately be found competent to stand for trial, he may refile these motions.

For these reasons, the court **DENIES** Defendant's motion for self representation (ECF No. 22) and his motion to disqualify counsel ECF No. 23. **IT IS SO ORDERED.**

Date: October 16, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge